LOTTINGER, Judge.
This is a suit which was instituted by the City of Lake Charles against Mrs. Evelyn Shirley Fungay in which it is alleged that the defendant had violated certain zoning ordinances and in which it was prayed that the plaintiff be awarded injunctive relief. A number of property owners intervened in the suit, adopting as their own the allegations of the plaintiff and praying for the same relief.
The defendant first filed an exception of vagueness, which was overruled. She then filed a plea of prescription, exceptions of no cause and no right of action and an answer, which was in the nature of a general denial and which further attacked the constitutionality of Ordinances 707 and 806 which had been alleged to have been violated.
Following trial on the merits in the Court below, judgment was rendered in favor of the plaintiff and intervenors as prayed for. Following rendition of this judgment, the defendant appealed to the Supreme Court. That tribunal, however, found that the record did not affirmatively show that it had appellate jurisdiction and transferred the matter to us. See judgment of the Supreme Court in the entitled matter handed down June 11, 1956.
The petition alleges, specifically, that the defendant’s property is located in what is referred to in both of the ordinances previously referred to as “A” Residential District and that therein buildings could be used for only one or more of the following purposes:
“(1) One family dwelling
“(2) Two family dwelling
“(3) Churches
“(4) Public and denominational schools, elementary and high.”
Certified copies of Ordinances 707 and 806 were introduced into evidence and they contain the above quoted provisions. The defendant testified on cross examination that a single residence was erected on the premises between thirty and thirty-two years previous to the date of trial. A small house was moved on the property in 1943 or 1944, which was situated in the rear of the property and which consisted of two-rooms and a bath. A four unit apartment building, consisting of two apartments downstairs and two upstairs, was erected in-1948. In 1940 or 1941, the original single residence was converted into three units, one of which at the time of trial was occupied by defendant, one of which was rented and one of which was for rent. The little building in the rear was rented and three apartments of the four unit structure were rented with the fourth available for rent. The defendant admitted that she had been charged in the City Court of Lake Charles with violation of the city ordinances relative to her buildings in 1952 and found guilty. Introduced in the record as “P-8” is a certified copy of the judgment referred to in which it was specifically held that the defendant had violated the provisions of Ordinance No. 707.
Clearly, from the above and foregoing, the defendant has violated the provisions of the appropriate ordinances, and,, unless one of the defenses urged by defendant is valid, the judgment appealed from will have to be affirmed. One of the most strenuously urged of these defenses is that the record does not affirmatively prove that the defendant’s property is in “A” Residential District — Ordinance 707, in defining the boundaries of the various districts, refers to a map; however, neither the original nor a copy of the map was introduced into evidence. In spite of this, though, a Miss Mary Propes, Clerk of the Inspection Department of the City of Lake Charles, testified, without objection by counsel for defendant, as follows:
*254 “Q. Mrs. Propes, you are familiar with the zoned areas of the City of Lake Charles? A. Yes, Sir.
“Q. It is part of your job? A. Yes, Sir.
“Q. What zone is this property in, ‘A’ ? A. Iam sorry, I didn’t bring the zoning map. I believe it is in ‘A.’
“Q. It is not ‘B’ or ‘C’? A. No. It would definitely be in ‘A’ or ‘A-l.’ To the best of my knowledge, I believe it is in ‘A.’ ”
The trial judge evidently believed that the above and foregoing was sufficient to establish the location of the property and we cannot find where he committed error in so holding.'
The defendant’s plea of prescription is based on the provisions of LSA-R.S. 9:5622. The record clearly shows that all construction by defendant was completed over two years previous to the filing of suit and if the statute relied on is applicable the plea would necessarily have to be maintained. LSA-R.S. 9:5622 provides as follows:
“Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated.”
We do not believe the cited statute ap-. plicable to the case at bar. Clearly, it relates only to those restrictions in the title itself and there is no mention of any such restriction as we are faced with here, i. e., those imposed by a governmental body.
The plea of unconstitutionality of the ordinances is based upon the proposition that they were not enacted in accordance with the provisions of LSA-R.S. 33:4726, which provides, for a public hearing by the zoning commission and notice of the time and place thereof at least three times in the official journal. The only testimony introduced on this point was that of the City Clerk, Florence M. Moore, and, without going into unnecessary detail, we can safely state that her testimony fell far short of that required to overcome the presumption of the validity of the ordinances.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.